Filed 8/7/15  P. v. Trinidad CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B261072 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA347246) |
| v. | |
| JUAN GABRIEL TRINIDAD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Reversed and remanded.

Jonathan B. Steiner, Executive Director, Richard B. Lennon, California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Viet H . Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Juan Gabriel Trinidad appeals from the denial with prejudice of his petition for recall of sentence pursuant to the three strikes reform act of 2012. (Pen. Code, § 1170.126.)[1] The court below denied defendant's petition with prejudice after determining defendant was ineligible for resentencing because one of his current convictions was for assault with a deadly weapon in violation of section 245, subdivision (a)(1).

Defendant appeals on the ground that the court erred in finding him ineligible for recall in one of his three current convictions.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was tried along with a codefendant for crimes arising out of an inmate disturbance at the Men's Central Jail in Los Angeles.[2] After flooding their cells and destroying fixtures, defendants threw broken pieces of their porcelain sinks at sheriff's deputies and later resisted being removed from their cells. This court affirmed defendant's convictions for assault with a deadly weapon in violation of section 245, subdivision (a)(1) (count 1); resisting an executive officer in violation of section 69 (count 2); and possession of a weapon while in custody in violation of section 4502, subdivision (a) (count 3). Defendant admitted having suffered prior convictions for robbery and voluntary manslaughter within the meaning of sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i) (the Three Strikes law), and section 667, subdivision (a)(1). The trial court sentenced defendant to a total term of 75 years to life consisting of terms of 25 years to life in each of counts 1, 2, and 3, which the trial court ordered to be served consecutively.

On November 3, 2014, defendant filed a petition for recall of sentence and resentencing pursuant to section 1170.126. Defendant requested recall of sentence and resentencing in all three counts, arguing that none of his current convictions were for

---

[1]    All further references to statutes are to the Penal Code unless stated otherwise.

[2]    This court takes judicial notice of its unpublished opinion in case No. B221712, filed July 11, 2011. (Evid. Code §§ 459, subd. (a), 452, subd. (d)(1).)

serious felonies, including the assault with a deadly weapon. In his case, defendant argued, the court did not find the assault to be a serious felony, since it did not impose the five-year terms required by section 667, subdivision (a).[3]

On December 8, 2014, the court below denied with prejudice defendant's petition. Rejecting defendant's characterization of his offense in count 1, the court stated that defendant's current conviction for assault with a deadly weapon on a peace officer is a serious felony under section 1192.7, subdivision (c)(11). As a result, defendant was ineligible for resentencing pursuant to section 1170.126, subdivision (e)(2). The court also rejected defendant's argument that, even if he were found to be ineligible for resentencing in count 1, he was nevertheless eligible for resentencing in counts 2 and 3. The court ruled that an inmate is not eligible for resentencing when any of the offenses for which he is serving a three strikes sentence is a serious or violent felony.

## DISCUSSION

Subsequent to the denial of defendant's petition, the California Supreme Court held in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*) that an inmate is eligible for resentencing on a current offense that is neither serious nor violent even though the inmate has another current conviction that is serious or violent.[4] (*Id.* at p. 695.) The court explained that "section 1170.126 is ambiguous as to whether a current offense that is serious or violent disqualifies an inmate from resentencing with respect to another count that is neither serious nor violent. Considering section 1170.126 in the context of the history of sentencing under the Three Strikes law and Proposition 36's amendments to the sentencing provisions, and construing it in accordance with the legislative history, we conclude that resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is serious or violent. Because an

---

[3]    On appeal, defendant is seeking recall of sentence in only count 2, in which he was charged with and convicted of resisting an executive officer in violation of section 69.

[4]    *Johnson*'s holding on this point decided the case of *People v. Machado* (S219819).

3

inmate who is serving an indeterminate life term for a felony that is serious or violent will not be released on parole until the Board of Parole Hearings concludes he or she is not a threat to the public safety, resentencing with respect to another offense that is neither serious nor violent does not benefit an inmate who remains dangerous. Reducing the inmate's base term by reducing the sentence imposed for an offense that is neither serious nor violent will result only in earlier consideration for parole. If the Board of Parole Hearings determines that the inmate is not a threat to the public safety, the reduction in the base term and the resultant earlier parole date will make room for dangerous felons and save funds that would otherwise be spent incarcerating an inmate who has served a sentence that fits the crime and who is no longer dangerous." (*Johnson*, at pp. 694-695.)

Given *Johnson*'s holding, defendant is not ineligible as a matter of law for recall of sentence and resentencing on count 2 merely because counts 1 and 3 are serious or violent felonies. We remand the matter to the superior court to conduct a new hearing to determine defendant's eligibility for recall and resentencing on count 2 under the criteria of section 1170.126, subdivision (e),[5] and, assuming eligibility, to exercise its discretion as to whether recall and resentencing are appropriate in defendant's case.

---

[5]     Section 1170.126, subdivision (e) provides in full: "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

## DISPOSITION

The order appealed from is reversed and the matter is remanded to the superior court to determine whether to grant defendant's petition for recall of sentence and resentencing on count 2.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                        BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.